### G. McElroy *v*. H. Dean.—Heirs of Hemken, Intervenors.

Plaintiff sued defendant for rent. A third party, claiming to be the owner of the land, never having had possession, intervened, and claimed the rent and privilege on the crop. *Held*, that the privity of contract and lessor's privilege existed alone between the lessor and lessee. The intervenors' remedy was by petitory or possessory action, to be brought against the lessor when the tenant disclosed his name. C. P. 43.

The possession of lessee is that of his lessor. C. C. 3404.

APPEAL from the District Court of the parish of Morehouse, *Richardson*, J. *McGuire & Ray*, for plaintiff. *Ludeling*, for appellant.

MERRICK, C. J. This suit was instituted to recover of the defendants $300, the amount of rent due upon a lease, and interest, a writ of sequestration having issued, and the lessor's privilege being claimed upon the crop of cotton and corn, and the furniture. The heirs of *Hemken* intervened in the suit, setting up title, and claiming to be the owners of the land, and praying for $350, and interest, and also for a privilege on the cotton. There was judgment in favor of the plaintiffs against the defendant, and the intervention was dismissed.

There was no error in the judgment. The possession of the lessee is that of the lessor. C. C. 3404. The privity of contract and lessor's privilege existed alone between the lessor and lessee. A third party, claiming to be owner of the land, never having had possession, cannot claim as lessor. His remedy is by a petitory or possessory action, to be brought against the lessor when his name is disclosed by the tenant. C. P. 43. It is evident, therefore, that the intervenor cannot claim the same thing as the plaintiff, nor something connected with it, for his demand is that of the property in, or possession of the land, whilst the demand of the plaintiff arises solely from the contract of letting and hiring. The intervenor has no legal interest in the success of either party, and as the lease extended beyond the period of the intervenors' title, the court properly dismissed the intervention, notwithstanding the answer to the merits. C. P. 389, 390.

Judgment affirmed.